## In re RELIABLE ESTATES, Inc.

### No. 38786.

District Court, E. D. New York.

May 29, 1940.

Newman & Bisco, of New York City, for petitioner, Manufacturers Trust Co.

John Windsor, of New York City, for debtor.

GALSTON, District Judge.

On May 2, 1940, the debtor filed a petition under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition raised such doubt as to the requirements of "good faith", that the order recited that the petition was but "apparently properly" filed.

The debtor is the owner of and manages a six-story elevator apartment house, located at 1030 Park Place, Brooklyn. It alleges that it is insolvent and unable to pay its debts as they mature. The petition recites the pendency of two proceedings: (1) An action in the Supreme Court of Kings County brought on April 13, 1940 by the Renvar Realty Corporation, as holder of the second mortgage on its property, and (2) a proceeding commenced on or about March 28, 1938 pursuant to Chapter 19 of the Laws of 1935 of the State of New York, Unconsol.Law, § 1751 et seq., by the Mortgage Commission of the State of New York, relating to the same premises.

The petitioner, the Manufacturers Trust Company, was appointed in that proceeding as trustee for the benefit of the holders of mortgage certificates. By this motion it seeks to dismiss the debtor's petition for reorganization and for permission to proceed with foreclosure of the guaranteed certificate first mortgage and to enjoin the debtor and any trustee herein from interfering with it in its operation or control over the mortgaged premises.

The plan of reorganization proposed by the debtor calls, among other things, for (1) reduction to 2% per annum of interest on the first mortgage payable out of the net earnings of the premises when earned; (2) waiver of interest on the mortgage due prior to confirmation of said plan; (3) the extension for ten years from the date of such confirmation of the time of payment of the principal of said mortgage; (4) the creation of a sinking fund by the deposit of surplus net earnings; (5) termination of the trusteeship of the Manufacturers Trust Company.

The debtor's good faith is severely challenged. Indeed, its statement of assets and liabilities annexed to the petition is most significant. Included in the list of assets is the item "Fire insurance policies, totaling $242,500." This is a most curious form of bookkeeping for obviously the most that can be listed as an asset would be the prepaid unearned fire insurance premium—not the face of the policies. Again the debtor's petition shows that there is a first mortgage outstanding of $246,500 and a second mortgage of $25,725, and recites that the premises have recently been appraised at a "figure considerably less than the present first mortgage." It appears too that on April 4, 1940, the debtor filed a voluntary bankruptcy petition in this court and its schedules list the value of its interest in the premises as "none".

There is no showing that the debtor is in position to supply any capital for reorganization purposes.

A petition under Chapter X of the Bankruptcy Act shall be deemed not to be filed in good faith if it is unreasonable to expect that a plan of reorganization can be effected; or a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding. 11 U.S.C., Sec. 546, 11 U.S.C.A. § 546.

In the final order in the state court proceeding, in which this petitioner is named trustee, it is "ordered, that this court, having assumed jurisdiction of this proceeding shall retain jurisdiction thereof until the complete liquidation of the Trust Estate, and the termination of the trust, and the trustee, or any other interested party, may apply at the foot of this order upon such notice as the court may direct for such other and further relief as to the court may seem just and proper." There is no sound reason advanced why action should be taken in this court to dislodge the state court from jurisdiction in either of the pending foreclosure actions.

It may be noted also that the trustee appointed by this court appearing informally but in the presence of the attorney for the debtor, stated that he declined to qualify in view of the large number of vacancies in the apartment house and the total failure of the debtor to show any ability to effect a plan of reorganization.

The motion to dismiss is in all respects granted. Settle order on notice.